IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PATRICIA COOPER,
    Plaintiff,

vs.                                             Case No.: 3:07cv59/MCR/EMT

HEATHER PAGANO and
OFFICER STALNAKER,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court upon referral from the clerk.  Plaintiff, proceeding pro se, commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (Doc. 1).  Plaintiff paid the filing fee in this case.

        On November 6, 2007, this court entered an order directing the clerk to issue summonses for the two remaining Defendants and instructing Plaintiff that it was her responsibility to formally serve the complaint (Doc. 36).  In light of Plaintiff's pro se status, the court also provided her with information concerning service, including the fact that the procedural rules required service of the summons and complaint within 120 days (*id*.).  On March 8, 2008, the clerk notified the court that over 120 days had elapsed with no proof that service had been effected upon Defendants, therefore, the court issued an order requiring Plaintiff to show cause, within twenty (20) days, why this action should not be dismissed for failure to timely effect service of process (Doc. 42).  The time for compliance with the show cause order has now elapsed with no response from Plaintiff.

        Rule 4(m) of the Federal Rules of Civil Procedure provides, in part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Thus, this court must first determine whether Plaintiff has shown "good cause" for her failure to effect service within the requisite time period.  If the court determines Plaintiff has failed to show "good cause," the next inquiry is whether this action should be dismissed.

In the instant case, Plaintiff has not explained her failure to comply with Rule 4(m). Furthermore, she has not requested an extension of time to effect service, nor has she otherwise indicated that she would attempt service if given more time to do so.  Thus, there exists no basis to conclude that an extension of time would result in further prosecution of this action.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED** for Plaintiff's failure to comply with an order of the court and failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

At Pensacola, Florida, this  1st  day of April 2008.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).